WO                                                                                          RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Arnulfo Mendez,                          )
                                         )
            Plaintiff,                   )
                                         )          CV-05-59-TUC-JMR
      v.                                 )
                                         )
City of Tucson Police Department,        )
et al.,                                  )          **O R D E R**
                                         )
            Defendants.                  )
_____          )

Arnulfo Mendez (Plaintiff), presently confined under Arizona Department of Corrections (ADOC) custody in the Newton County Correctional Center in Newton, Texas (NCCC-Newton), filed with the Clerk of the Court a pro se "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint), which includes a "Memorandum" (Memorandum).  Plaintiff has not paid a filing fee, but has filed an uncertified "Application to Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)" (Application To Proceed) with the Complaint, which includes a "Certified Statement Of Account" (Account Statement).

**APPLICATION TO PROCEED AND FILING FEE**

Although Plaintiff's Application To Proceed has not been certified by a correctional official, his Account Statement has been certified as required.

**TERMPSREF**                           - 1 -

1  Accordingly, in the interest of justice, the Court will overlook the lack of
2  certification on the Application To Proceed and grant the Application.

3  Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory
4  filing fee.  Effective February 7, 2005, the filing fee for a civil rights action
5  increased from one hundred and fifty dollars ($150.00) to two hundred and fifty
6  dollars ($250.00). See 28 U.S.C. § 1914, amended by, Consolidated Appropriations
7  Act of 2005, Pub. L. No. 108-447, 118 Stat. 2809, Sec. 307 (December 8, 2004).
8  Plaintiff's Complaint, however, is not subject to the increased fee because Plaintiff
9  filed his Complaint prior to February 7, 2005.  Accordingly, Plaintiff is obligated
10  to pay only the one hundred and fifty dollar ($150.00) filing fee.

11  Based on the average monthly deposits in Plaintiff's account for six (6)
12  months preceding the filing of the Complaint, an initial partial filing fee of sixteen
13  dollars and ninety-seven cents ($16.97) will be assessed by this Order.  28 U.S.C.
14  § 1915(b)(1).

15  By separate order, the Court will direct the appropriate agency to collect the
16  initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of
17  the Court.  Thereafter, Plaintiff will be obligated for monthly payments of twenty
18  percent (20%) of the preceding month's income credited to Plaintiff's trust
19  account.  These payments will be forwarded by the appropriate agency to the Clerk
20  of the Court each time the amount in Plaintiff's account exceeds ten dollars
21  ($10.00), until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

22  Plaintiff should take notice that if he is released before the filing fee is paid
23  in full, he must pay the remaining unpaid amount of the filing fee within one
24  hundred and twenty (120) days of the date of his release.  If Plaintiff fails to pay
25  the remainder of the filing fee within one hundred and twenty (120) days of the
26  date of his release, the action will be dismissed, unless Plaintiff shows good cause,
27  in writing, why he is unable to pay the remainder of the filing fee.

28

**TERMPSREF**              - 2 -

1   Plaintiff also should take notice that a prisoner may not bring a civil action
2   without complete prepayment of the appropriate filing fee if the prisoner has
3   brought, on three (3) or more occasions, an action or appeal in a federal court that
4   was dismissed as frivolous, as malicious, or for failure to state a claim upon which
5   relief may be granted, unless the prisoner is in imminent danger of serious physical
6   injury.  28 U.S.C. § 1915(g).

7               **STATUTORY SCREENING OF PRISONER COMPLAINTS**

8   The Court is required to screen complaints or amended complaints brought
9   by prisoners seeking relief against a governmental entity or officer or employee of
10  a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint
11  or portion thereof if the Plaintiff has raised claims that are legally frivolous or
12  malicious, that fail to state a claim upon which relief may be granted, or that seek
13  monetary relief from a defendant who is immune from such relief.  28 U.S.C. §
14  1915A(b)(1),(2).

15                          **COMPLAINT**

16  Plaintiff alleges one (1) count in his Complaint.  (Complaint at 4).

17  Named as Defendants in the Complaint are: (1) City of Tucson Police
18  Department; (2) Mack Dunham, Police Officer, Tucson Police Department; (3)
19  Don Bertsch, Sergeant, Tucson Police Department; and (4) John Morgan, Police
20  Officer, Tucson Police Department.  (Complaint at 1-2).

21  Plaintiff seeks a jury trial, declaratory and injunctive relief, and
22  compensatory monetary damages.  (Complaint at 7).

23                    **DISMISSAL OF DEFENDANTS**

24  **City of Tucson Police Department**

25  To impose liability upon Defendant City of Tucson Police Department, or the
26  City of Tucson, Plaintiff must demonstrate the existence of a particular official city
27  policy or established custom and that the policy or custom caused him to be
28

subjected to a deprivation of a constitutional right.  <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808, 829-30 (1985) (Justice Brennan, concurring); <u>See</u> <u>also</u>, <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658, 691, 694 (1978); <u>Ybarra v. Reno Thunderbird Mobile Home Village</u>, 723 F.2d 675, 681 (9th Cir. 1984).

Plaintiff makes no allegations in the Complaint regarding a particular policy or custom of the City of Tucson Police Department or the City of Tucson.  Instead, Plaintiff alleges that "the police were acting while clot[h]ed in their authority as city police officers and the city had employed this law police enforcement officers at all times in this abuse against [P]laintiff."  (Complaint at 4).  However, the City of Tucson Police Department and City of Tucson "cannot be held liable under § 1983 on a <u>respondeat</u> <u>superior</u> theory."  <u>Monell</u>, 436 U.S. at 691.  Accordingly, the City of Tucson Police Department is not a proper Defendant, and will be dismissed without prejudice from this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**Don Bertsch and John Morgan**

To state a viable constitutional claim, Plaintiff must show an affirmative link between the alleged injury and the conduct of an individual Defendant.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976).  To state a claim against a state official, the civil rights complainant must allege that the official personally participated in the constitutional deprivation, or that a state supervisory official was aware of the widespread abuses and with deliberate indifference to the inmate's constitutional rights failed to take action to prevent further misconduct.  <u>King v. Atiyeh</u>, 814 F.2d 565, 568 (9th Cir. 1987); <u>See</u> <u>also</u> <u>Monell</u>, 436 U.S. at 691; <u>Williams v. Cash</u>, 836 F.2d 1318, 1320 (11th Cir. 1988).

There is no liability under 42 U.S.C. § 1983 based on a theory of <u>respondeat superior</u>, and therefore, a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability.  <u>Monell</u>, 436 U.S. at 691; <u>West v. Atkins</u>, 487 U.S. 42, 54 n.12 (1988); <u>Ybarra</u>, 723

F.2d at 680-81.

Although Plaintiff names Don Bertsch and John Morgan as Defendants, he has not made any allegations against them individually in the sole count of the Complaint. Plaintiff does not allege how each of them personally participated in the deprivation of Plaintiff's constitutional rights, nor does he allege that these Defendants were aware of widespread abuses and failed to act. Conclusory allegations that a defendant or group of defendants have violated a constitutional right are not acceptable. Accordingly, Defendants Don Bertsch and John Morgan will also be dismissed without prejudice from this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**DISCUSSION**

In Count I of the Complaint, Plaintiff claims that his Fourth, Eighth, and Fourteenth Amendment rights were violated under 42 U.S.C. §§ 1981, 1983, and 1985 when he was arrested on August 21, 2003. (Complaint at 1, 4). Plaintiff appears to be making three (3) claims in conjunction with his arrest: 1) that he was subjected to an illegal arrest, search, and seizure; 2) that he was subjected to excessive force when his wrist was broken during the process of being handcuffed; and 3) that he was deprived of emergency medical attention. Id.

**42 U.S.C. § 1981**

Title 42 U.S.C. § 1981 "prohibits racial discrimination in the making and enforcement of private contracts." Patterson v. McLean Credit Union, 491 U.S. 164, 174 (1989). Where an alleged act of discrimination does not involve the impairment of the right to make or enforce a contract, § 1981 provides no relief. Id. at 176. Here, Plaintiff does not allege that the Defendants' acts in any way impaired his right to make or enforce a contract. Accordingly, Plaintiff's 42 U.S.C. § 1981 claim in Count I will be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief

1  may be granted.

2       **42 U.S.C. § 1985**

3       Title 42 U.S.C. § 1985 "proscribes conspiracies to interfere with certain civil

4  rights.  A claim under this section must allege facts to support the allegation that

5  defendants conspired together.  A mere allegation of conspiracy without factual

6  specificity is insufficient." <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d

7  621, 626 (9th Cir. 1988); <u>see</u> <u>also</u> <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027,

8  1039 (9th Cir. 1991).

9       Moreover, although <u>pro</u> <u>se</u> pleadings are liberally construed, <u>Haines v.</u>

10  <u>Kerner</u>, 404 U.S. 519 (1972), conclusory and vague allegations will not support a

11  cause of action.  <u>Ivey v. Board of Regents of the University of Alaska</u>, 673 F.2d

12  266 (9th Cir. 1982); <u>Rhodes v. Robinson</u>, 612 F.2d 766, 772 (3rd Cir. 1979).

13  Further, a liberal interpretation of a civil rights complaint may not supply essential

14  elements of the claim that were not initially pled.  <u>Ivey</u>, 673 F.2d at 268.

15       Plaintiff has failed to allege any supporting facts for his vague allegation of

16  a conspiracy, or to clarify its meaning, and therefore, the allegation is clearly

17  conclusory.  Accordingly, Plaintiff's 42 U.S.C. § 1985 claim in Count I will be

18  dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and

19  1915A(b)(1) for failure to state a claim upon which relief may be granted.

20       **Illegal Arrest, Search, and Seizure**

21       Plaintiff claims in Count I that his rights under 42 U.S.C. § 1983 were

22  violated when he was subjected to an illegal arrest, search, and seizure. (Complaint

23  at 4). However, Plaintiff fails to explain how the arrest, search, or seizure was

24  illegal.  Moreover, he presents no facts relating to what he was arrested for, what

25  type of search he was subjected to, or what was seized.

26       Plaintiff's allegations are both conclusory and vague.  <u>See</u> <u>Ivey</u>, 673 F.2d at

27  268.  Accordingly, Plaintiff's 42 U.S.C. § 1983 claim in Count I that he was

28  subjected to an illegal arrest, search, and seizure will be dismissed without

**TERMPSREF**                            - 6 -

prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

In so doing, the Court notes that the case of <u>Heck v. Humphrey</u> holds:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

<u>Heck v. Humphrey</u>, 512 U.S. 477, 486 (1994).

<u>Heck</u> not only bars claims for damages challenging the validity of a conviction or sentence, it also bars claims challenging the validity of an arrest and prosecution, <u>see</u> <u>Smithart v. Towery</u>, 79 F.3d 951, 952 (9th Cir.1996), as well as claims which necessarily implicate the validity of pending criminal charges, <u>see</u> <u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 700-01 (9th Cir.1997). A civil claim which necessarily implicates the validity of pending criminal charges does not accrue until after one has succeeded in the criminal realm. <u>Id.</u> (citing <u>Heck</u>).

Plaintiff's allegations in Count I that he was subjected to an illegal arrest, search, and seizure necessarily implicate the validity of pending criminal charges, or a conviction or sentence based on them. Therefore, under <u>Heck</u>, these allegations are not cognizable in this action because Plaintiff has not shown that he has been successful in the criminal realm by having charges against him dropped, or by having his conviction or sentence invalidated by a state or federal court.

### Excessive Force

Plaintiff appears to claim in Count I that his rights under 42 U.S.C. § 1983 were violated while he was being handcuffed when Defendant Mack Dunham "among other officer [sic] caused" injuries to his wrist. (Complaint at 4,

Memorandum at 1).   Plaintiff alleges that six (6) days later the jail doctor determined that Plaintiff's wrist was broken.   Id.

In reviewing Plaintiff's excessive force claim, the Court notes that "all claims that law enforcement officers have used excessive force - deadly or not - in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." Graham v. Conner, 490 U.S. 386, 395 (1989).   Accordingly, Plaintiff's excessive force claim will be construed as raising a Fourth Amendment claim, rather than an Eighth Amendment claim.   See Karim-Panahi, 839 F.2d at 623 ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford the plaintiff the benefit of any doubt").

The Court also notes that the "Eighth Amendment's prohibition of 'cruel and unusual punishments' applies only 'after conviction and sentence.'   Graham, 490 U.S. at 393 & n. 6 (citing   Ingraham v. Wright, 430 U.S. 651, 671 n. 40 (1977))." Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).   Because Plaintiff does not appear to have been convicted of, or sentenced for, any crime at the time of the incident in question, he is "accorded no rights under the Eighth Amendment" with regard to the incident.   Id. (citation omitted)

Liberally construed, Plaintiff states an excessive force claim for relief under the Fourth Amendment against Defendant Mack Dunham.   Accordingly, the Court will call for an answer from Defendant Dunham to the Plaintiff's 42 U.S.C. § 1983 excessive force claim in Count I.

**Emergency Medical Attention**

Plaintiff also claims in Count I that his rights under 42 U.S.C. § 1983 were violated when Defendant Mack Dunham "among other officer [sic]" deprived him of emergency medical attention because of Plaintiff's inability to communicate fluently with them, "delivering indifference to serious medical injuries and harm" in violation of the Eighth Amendment.   (Complaint at 4).

1    To state a § 1983 medical claim, a plaintiff must show that the defendants
2    acted with "deliberate indifference to his serious medical needs."  Estelle v.
3    Gamble, 429 U.S. 97, 106 (1976).  Deliberate indifference may occur if "officials
4    deny, delay or intentionally interfere with medical treatment."  Hutchinson v.
5    United States, 838 F.2d 390, 394 (9th Cir. 1988).  However, a mere delay in
6    medical care, without more, is insufficient to state a claim against prison officials
7    for deliberate indifference.  May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
8    Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.
9    1985).

10    The indifference must be substantial.  Estelle, 429 U.S. at 105-06.  The
11    action must rise to a level of "unnecessary and wanton infliction of pain."  Id. at
12    106.  Mere claims of "indifference," "negligence," or "medical malpractice" do not
13    support a claim under 42 U.S.C. § 1983.  Broughton v. Cutter Laboratories, 622
14    F.2d 458, 460 (9th Cir. 1980).  Not every claim by a prisoner that he has not
15    received adequate medical treatment states a violation of the Eighth Amendment.

16    Because Plaintiff was a pretrial detainee at the time of the actions he
17    complains of in the Complaint, the Due Process Clause of the Fourteenth
18    Amendment, rather than the Eighth Amendment prohibition against cruel and
19    unusual punishment, would apply to his medical claim.  See Bell v. Wolfish, 441
20    U.S. 520, 535-37 (1979); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986).
21    However, in general, the Court borrows from Eighth Amendment jurisprudence
22    when analyzing the rights of pretrial detainees.  See Redman v. County of San
23    Diego, 942 F.2d 1435, 1443 (9th Cir. 1991); Cabrales v. County of Los Angeles,
24    864 F.2d 1454, 1461 n. 2 (9th Cir.1988) (subsequent history omitted).

25    Plaintiff's medical claim in Count I against Defendant Dunham fails to rise
26    to the level of a constitutional violation under the Eighth and Fourteenth
27    Amendments.  At most Plaintiff's allegations against Defendant Dunham amount
28    to indifference or negligence which does not satisfy the deliberate indifference

standard.  See Estelle, 429 U.S. at 105-06.  This is particularly true where Plaintiff attributes the failure to provide medical attention to an inability communicate fluently.  (Complaint at 4).  Accordingly, Plaintiff's 42 U.S.C. § 1983 claim in Count I that he was deprived of emergency medical attention will be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**RULE 41(b) WARNING**

Plaintiff is cautioned that if he fails to timely comply with every provision of this Order, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir.) (District Court may dismiss action for failure to comply with any order of the Court), cert. denied, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED:**

(1)    That Plaintiff's "Application to Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)" filed with the Complaint is GRANTED;

(2)    That Plaintiff is OBLIGATED to pay the statutory filing fee of one hundred and fifty dollars ($150.00) for this action.  Plaintiff is ASSESSED an initial partial filing fee of sixteen dollars and ninety-seven cents ($16.97).  All fees shall be collected and paid in accordance with this Court's Order to the Director of the Arizona Department of Corrections (ADOC) filed concurrently herewith;

(3)    That Defendants City of Tucson Police Department, Don Bertsch, and John Morgan are DISMISSED WITHOUT PREJUDICE from this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(4)    That all of Plaintiff's claims in Count I of the Complaint, EXCEPT his 42 U.S.C. § 1983 excessive force claim, are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(5)     That Defendant Mack Dunham is REQUIRED TO FILE an answer to Plaintiff's 42 U.S.C. § 1983 excessive force claim in Count I of the Complaint;

(6)     That the Clerk of the Court is DIRECTED to send Plaintiff a service packet, including a copy of this Order, a copy of the Complaint (Document #1), and both summons and request for waiver forms for Defendant Mack Dunham;

(7)     That Plaintiff SHALL COMPLETE AND RETURN the service packets to the Clerk of the Court within twenty (20) days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order;

(8)     That if Plaintiff does NOT either obtain a waiver of service of summons or complete service of the summons and Complaint on Defendant within one hundred and twenty (120) days of the date the Complaint was filed, or within sixty (60) days of the filing of this Order, whichever is later, the ACTION MAY BE DISMISSED as to Defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Rule 16.2(b)(2)(B)(i) of the Local Rules of Civil Procedure (LRCiv);

(9)     That the United States Marshal SHALL RETAIN the summons, a copy of the Complaint (Document #1), and a copy of this Order for future use;

(10)   That the United States Marshal SHALL NOTIFY Defendant Mack Dunham of the commencement of this action and REQUEST WAIVER OF SERVICE pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant shall include a copy of this Order.  The Marshal shall file waivers of service of the summons or requests for waivers that are returned as undeliverable as soon as they are received.  If a waiver of service of summons is not returned by Defendant to the Marshall within thirty (30) days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a) Personally serve copies of the summons, Complaint (Document #1), and this Order upon the Defendant pursuant to Rule 4(e)(2) of

TERMPSREF                          - 11 -

the Federal Rules of Civil Procedure;

(b) Within ten (10) days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court;

(11) **That if Defendant agrees to waive service of the summons and Complaint, he SHALL RETURN the signed waiver form to the United States Marshal, not to Plaintiff**;

(12) That Defendant Dunham SHALL ANSWER Plaintiff's 42 U.S.C. § 1983 excessive force claim in Count I of the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure;

(13) That a clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. See LRCiv 5.4. **Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice to Plaintiff**;

(14) That Plaintiff SHALL SERVE upon Defendant(s), or if appearance has been entered by counsel, upon the attorney, a copy of every further pleading or

other document submitted for consideration by the Court.  Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or the counsel.  Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the Court may be disregarded by the Court;

(15)   That at all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Plaintiff shall serve a copy of the notice on all opposing parties.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED this 6th day of December, 2005.

John M. Roll
United States District Judge